## CIRCUIT COURT OF LOUDOUN COUNTY

Board of Directors
of Holly Plaza Unit Owners Ass'n

v.

Regal Investments et al.

October 20, 1988

Case No. (Chancery) 10686

By JUDGE THOMAS D. HORNE

The Court will grant in part the relief sought by the Complainants and direct removal of the encroachment upon the common element adjacent to Unit No. 9 of the Holly Plaza Condominium Office and Business Complex and the restoration of the common element to its condition prior to the construction of the encroachment. While the Court will award counsel fees and costs to the Complainants pursuant to the provisions of Article IX, Section I(b), of the "Declaration" filed among the records of this Court in Deed Book 724 at page 471, the prayer for additional compensation will be denied.

Pursuant to the provisions of Chapter 4.2 of Title 55 of the Code of Virginia, Holly Plaza Associates, a Virginia general partnership, created a condominium known as the "Holly Plaza Condominium Office and Business Complex." This condominium complex came into existence upon the recordation of the condominium instruments on March 27, 1979. The area adjacent to Unit No. 9 was not delineated as a "limited common element." Subsequently, Regal Investments, the owner of Unit No. 9, entered into a lease with the Bank of Vienna for the rental of the office unit for a term of ten years commencing June 1, 1981. Pursuant

to Paragraph 15(b) of the lease, the bank was permitted to make alterations and improvements necessary to create a drive-in bank facility having two drive-in windows. Plans for the drive-in were "to be submitted to Strang, Downham & Associates for approval with reference to building codes, governmental requirements, structural soundness, design conformity, and conformity with all other governmental and condominium rules and regulations." Under the terms of the leases, the landlord was required to obtain approval of the improvements by the condominium association. The present tenant, Signet Bank, is successor in interest to the Bank of Vienna.

Work was begun on the canopy and drive-in in the summer of 1981, lasted three or four months, and was completed in September of 1981. In December of 1986, the President of the Holly Plaza Unit Owners Association wrote to Mr. Bernard Kennedy, a general partner in Regal Investments concerning the propriety of the continuing existence of the drive-in facility. Defendant, Regal Investments, contends that approval was obtained from the Association prior to construction of the facility. No written record of such approval could, however, be produced. To the contrary, despite the mandate of Section 14 of the Declaration that:

> The president shall preside over all meetings of the Board of Directors, and the Secretary shall keep a minute book of the Board of Directors recording therein all resolutions adopted by the Board of Directors and a record of all transactions and proceedings occurring at such meetings.

The minutes disclose no such approval. In addition, there is no written consent to the amendment on file with the minutes. Furthermore, while plans showing an amendment to the plan with the limited common element adjacent to Unit No. 9 for the drive-in facility (Plaintiff's Exhibit No. 2) are in existence, these plans were never recorded and therefore never were effective in creating such limited common element. Section 55-79.57(c). Therefore, the Court finds that the "limited common element" encompassed by the drive-in facility is invalid and that

the Complainants are entitled to have the encroachment removed at the cost of the Defendant, Regal Investments.

It is no defense to the injunctive relief sought in this case that the instant action was brought over five years after the erecting of the facility. Insofar as the defense of laches is concerned:

> laches in legal significance is not delay, but delay that works a disadvantage to another. So long as the parties are in the same condition, it matters little whether a right is pressed promptly or slowly within the limits allowed by law. The disadvantage may come from loss of evidence, change of title, intervention of equities and the like; but there must be prejudice from the delay. *Valley Bank v. Fidelity Co.,* 153 Va. 484, 496 (1929). *See also, Riordan v. Hale,* 215 Va. 638 (1975).

No such evidence of disadvantage is evident in the instant case. *Cf. O'Neill v. Cole,* 194 Va. 50 (1952) (death of witness). What the evidence does show is that the minutes contain no record of any action approving the amendment and that it was never recorded. The parties are no worse off in their ability to press or defend against the instant litigation than if the action was brought a short time after the erection of the drive-in facility. All that has happened is a lapse of time.

Mr. Givens may draw a decree consistent with this opinion which directs that the Defendant, Regal Investments, cause to have removed those structural elements encroaching upon the common elements as shown on recorded plat in Plat Book 16, page 151; Deed Book 724, page 505, within a period of ninety days and that the common elements be returned to the state within such period as they existed prior to the construction of the drive-in facility in the summer of 1981. Such decree shall reflect the refusal of the Court to grant compensation asked for in item (d) of Complainant's prayer for relief in the Bill of Complaint. Mr. Givens should submit his statement as to costs and attorney's fees for review by the Court.